In re PORTLAND ELECTRIC POWER CO.

No. B-23986.

No. 1050.

United States District Court, D. Oregon.

May 8, 1947.

See also D.C., 97 F.Supp. 857.

Clarence D. Phillips, Portland, Or., for debtor.

Ralph H. King, Portland, Or., for independent trustees of debtor.

Frederick M. DeNeffe, Paul E. Kern, Portland, Or., for Bondholders Committee.

W. Stevens Tucker, San Francisco, Cal., for Securities & Exchange Commission.

Charles A. Hart, Portland, Or., Edgar G. Crossman and Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Guaranty Trust Co.

Justin N. Reinhardt, Portland, Or., for First Preferred Stockholders.

MacCormac Snow, Harry Beckett, Robert T. Mautz and V. Lyle McCroskey, Portland, Or., for Prior Preference Stockholders.

JAMES A\.GER FEE, Chief Judge.

Ralph H. King, Attorney for the Independent Trustees is directed to draw three separate orders directed to (1) the Guaranty Trust Company of New York, one of the parties of record in this proceeding, and to Henry A. Theis, Vice-President of the Guaranty Trust Company of New York; (2) to Davis, Polk, Wardwell, Sunderland & Kiendl and Edgar G. Crossman, attorneys of record in the above proceeding for Guaranty Trust Company of New York, one of the parties of record thereto, and (3) to Franklin T. Griffith, E. B. MacNaughton, Robert H. Strong, James H. Polhemus, Paul B. Wallace and Ross B. Hammond acting members of the Board of Directors of Portland General Electric Company.

That the order directed to Guaranty Trust Company of New York and Henry A. Theis, Vice-President, shall command them and each of them to show cause before this court at an appropriate time (a) why the Guaranty Trust Company of New York should not be assessed with the costs of submission of the plan of reorganization of Portland Electric Power Company submitted by order of February 6, 1947; (b) why the Guaranty Trust Company of New York should not be required to obtain the resignation, or compel the removal of its nominees who are acting as directors of the Portland General Electric Company; and (c) why Guaranty Trust Company of New York and Henry A. Theis, personally, should not be punished for contempt.

The order directed to Davis, Polk, Wardwell, Sunderland & Kiendl and to Edgar G. Crossman shall command them to show cause at an appropriate date before this court (1) why Edgar G. Crossman should not be disbarred from further practice in the United States District Court for the District of Oregon; (2) to show cause why Davis, Polk, Wardwell, Sunderland & Kiendl should not be prohibited from hereafter appearing in any cause pending in and before the United States District Court for the District of Oregon; and (3) to show cause why Davis, Polk, Wardwell, Sunderland & Kiendl and Edgar G. Crossman should not be punished for contempt.

The order directed to Franklin T. Griffith, E. B. MacNaughton, Robert H. Strong, James H. Polhemus, Paul B. Wallace and Ross B. Hammond shall command them and each of them at an appropriate date to show cause before this court (1) why they and each of them should not be removed from any participation as a member of the Board of Directors of Portland General Electric Company and (2) to show cause why they and each of them should not be punished for. contempt.

The basis of this citation is the charge that the Guaranty Trust Company of New York and Henry A. Theis, after the plan of reorganization had been duly and regularly submitted by order of this court for vote, put forth and promulgated a false and misleading letter of advice to bondholders who were about to vote for acceptance or rejection of said plan, and that said letter of advice was not submitted to this court for

approval or disapproval and was issued without the knowledge or authorization of this court.

It is further charged that this letter of advice to bondholders, above referred to, was issued deliberately after the plan had been approved by order of this court for the purpose of preventing a favorable vote by the bondholders upon said plan and with the intent and design to obstruct the processes of justice in said cause.

It is further charged that the Guaranty Trust Company of New York had instructed its nominees upon the Board of Directors of Portland General Electric Company that said plan was not to be adopted in its present form and had instructed them to obstruct the processes of justice in the said proceeding in the District Court of the United States for the District of Oregon and specifically had instructed and required that said Board of Directors fail and refuse to declare a dividend upon the stock of Portland General Electric Company with the intent that thereby the plan of reorganization would be defeated and rejected.

It is further charged that Franklin T. Griffith, E. B. MacNaughton, Robert H. Strong, James H. Polhemus, Paul B. Wallace and Ross B. Hammond acting as members of the Board of Directors of Portland General Electric Company, accepted such posts as nominees of Guaranty Trust Company of New York and in voting upon the measures before said Board and in other actions, accepted the advice and direction of Guaranty Trust Company of New York that said proposed plan of reorganization should be defeated and as a step toward the consummation of that end failed, neglected and refused to pass and declare a dividend upon the stock of said Portland General Electric Company when the same was fully justified by the financial condition of said company, and had said dividend been passed, it is charged, the plan of reorganiaztion would have been adopted.

These charges have been brought to the attention of the court, but the court is not advised as to the facts. It is, therefore, directed that prior to the issuance of said order you bring to the court by affidavit,

or otherwise, a preliminary showing and if said evidence is in your possession and the court upon due consideration finds there is probable cause, the court will issue the order as above outlined.

See also, D.C., 97 F.Supp. 857.